UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN D. BRUGOS, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | CAUSE NO. 2:03-CV-547 RM |
| ) | |
| GERRY NANNENGA, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

This matter comes before the court on five motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) by Terry Sherwood, Robert Beiker, David Tharp, John Brugos, Douglas Robinson, Carl Lakomek, and Mark Danielson. For the following reasons, the court denies the motions filed by Messrs. Sherwoood, Beiker, and Danielson, and denies in part and grants in part the motions filed by Messrs. Tharp, Brugos, Robinson, and Lakomek.

BACKGROUND

Familiarity with the basic facts is presumed, and the court recites only those facts needed to resolve today's motions. The plaintiffs have asserted one claim against James Bohlen and Robert Novak alleging breach of fiduciary duties in conjunction with the Pension Fund's investment in the Coffee Creek property and in violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1104, 1105, and 1109. Mr. Bohlen and Mr. Novak filed their answers to this claim, denying liability and also asserting their own counterclaims, cross-claims,

and third-party claims for contribution or indemnification against Terry Sherwood, Robert Beiker, Mark Danielson (trustees when the Pension Fund voted to purchase the Coffee Creek investment), and David Tharp, John Brugos, Douglas Robinson, Carl Lakomek (post-purchase trustees).[1] The counterclaim, cross-claim, and third-party defendants all seek dismissal of the claims against them because they are not ripe and there is no relief upon which can be granted on them.

STANDARDS OF REVIEW

The motions were filed under both FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6).

Rule 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the federal courts' subject matter jurisdiction. Such a motion presents a threshold question of the court's power over a claim: the court must assure itself that it possesses jurisdiction over the subject matter of a case before it can proceed to take any action on the merits of the action. *See* Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998). A court deciding a motion brought under Rule 12(b)(1) may (but need not) accept the truth of the allegations in the complaint, and may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt. *See* Bastien v. AT&T Wireless Serv., Inc., 205 F.3d

---

[1] After the motions to dismiss were filed against Mr. Bohlen's and Mr. Novak's claims, the plaintiffs filed a third amended complaint. Mr. Bohlen and Mr. Novak filed their answer to the third amended complaint containing identical claims against identical counterclaim, cross-claim, and third-party defendants. The court deems the motions to dismiss as operative against Mr. Bohlen's and Mr. Novak's claims contained in their answer to the third amended complaint.

983, 990 (7th Cir. 2000); *see also* Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." (quotations and citations omitted)).

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint, not its underlying merits, *see* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiffs. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

Under a Rule 12(b)(1) motion, the party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. *See* Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999). Under a Rule 12(b)(6) motion, the defendant bears the burden of showing the plaintiff has failed to allege a claim upon which relief can be granted. Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005).

ANALYSIS

RULE 12(B)(1) MOTION

The Post-Purchase Trustees question the ripeness of Mr. Bohlen's and Mr. Novak's claims, and Messrs. Danielson, Sherwood, and Beiker reference and incorporate the issue. There are "two factors that determine whether an issue is ripe for judicial consideration. First, the issue on which review is sought must be fit for judicial discretion. Second, the courts must take into account any hardship to the parties of withholding court consideration." Lehn v. Holmes, 364 F.3d 862, 867 (7th Cir. 2004) (quotations and citations omitted). The ripeness doctrine "is grounded in both Article III and prudential concerns ... [c]ases are unripe when the parties point only to a hypothetical, speculative, or illusory dispute[ ] as opposed to actual, concrete conflicts." Id. (quotations and citations omitted).

The Post-Purchase Trustees say the claims for contribution or indemnification are not ripe because the breach of fiduciary duty claims against Mr. Bohlen and Mr. Novak still pend in the underlying litigation. The Post-Purchase Trustees essentially argue that if Mr. Bohlen and Mr. Novak are found liable for the underlying breach of fiduciary duty claim, only then should they file their (identical) claims against these defendants. Mr. Bohlen and Mr. Novak respond that previous courts have allowed for claims for contribution or indemnification to be filed at the outset of the litigation, and urge the court to do the same as it would better serve this litigation process.

4

Mr. Bohlen's and Mr. Novak's claims survive the two-factored test for ripeness. The Post-Purchase Trustees' arguments weigh the first factor towards dismissing the contribution and indemnification claims, but does not render the claims so "hypothetical, speculative, or illusory" as to require dismissal for lack of fitness for judicial discretion. Moreover, the second factor strongly counsels against dismissing these claims as unripe. The Pension Fund (the party of interest in the underlying litigation), Mr. Bohlen, and Mr. Novak would incur serious hardship without opportunity for a quick and final litigation and resolution of all the issues in this case. Mr. Bohlen's and Mr. Novak's counterclaims, cross-claims, and third-party claims are ripe for adjudication.[2]

## RULE 12(B)(6) MOTIONS

The counterclaim, cross-claim, and third-party defendants all assert Mr. Bohlen and Mr. Novak fail to state a claim for contribution or indemnification upon which relief can be granted. While ERISA does not explicitly provide for a right to contribution or indemnification, the court of appeals has identified such rights in dicta contained in Donovan v. Robbins, 752 F.2d 1170, 1177-1178 (7th Cir. 1984), Free v. Briody, 732 F.2d 1331, 1337 (7th Cir. 1984), and Alton Mem'l Hosp. v. Metro. Life Ins. Co., 656 F.2d 245, 250 (7th Cir. 1981). Such rights do

---

[2] The court does not address the reference in the Post-Purchase Trustees' reply to Mr. Bohlen's and Mr. Novak's lack of standing to bring a claim of contribution or indemnification under ERISA. See United States v. Feinberg, 89 F.3d 333, 340-341 (7th Cir. 1996) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."); *see also* United States v. Magana, 118 F.3d 1173, 1198 n.15 (7th Cir. 1997) ("it is improper to present new arguments in a reply brief").

5

not provide for unlimited relief — there must be some basis for liability on the part of the supposed contributing or indemnifying party. *See* Lumpkin v. Envirodyne Indus., Inc., 933 F.2d 449, 464 (7th Cir. 1991).

The counterclaim, cross-claim, and third-party defendants all say Mr. Bohlen and Mr. Novak state no claim because they have not pleaded enough facts upon which relief could be granted. Plaintiffs need not, however, include all the facts or law showing they can prevail on their claim. FED. R. CIV. P. 8(a); Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003). The claim of breach of fiduciary duty brought against Mr. Bohlen and Mr. Novak, contained in count V of the third amended complaint, provides the requisite facts and law to plead a claim under 29 U.S.C. §§ 1104, 1105, and 1109. Mr. Bohlen and Mr. Novak adequately reference count V in their claims for contribution or indemnification, and such reference provides the requisite foundation to put the defendants on notice of their alleged liability. The court will not dismiss the claims for contribution or indemnification on this basis.

Messrs. Brugos, Robinson, Tharp and Lakomek (the "Post-Purchase Trustees") independently argue that no claim for contribution or indemnification can be brought against them because they were not trustees at the time of the underlying breach of fiduciary duty alleged in count V of the third amended complaint. Mr. Bohlen and Mr. Novak respond that the Post-Purchase Trustees could be liable for contribution or indemnification because they failed to divest the

6

Coffee Creek property once they assumed the roles of fiduciaries of the Pension Fund.

For a fiduciary to seek contribution or indemnification against another fiduciary under ERISA, there must be some basis for liability for the underlying claim. *See* Factory Mut. Ins. Co. v. Bobst Group USA, Inc., 392 F.3d 922, 924 (7th Cir. 2004); *see also* Daniels v. Bursey, 329 F. Supp. 2d 975, 981 (N.D. Ill. Aug. 5, 2004). Moreover, ERISA provides that "[n]o fiduciary shall be liable with respect to a breach of fiduciary duty ... if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary." 29 U.S.C. § 1109(b). The Post-Purchase trustees assert that the plain language of count V limits the time frame for the underlying claims against Mr. Bohlen and Mr. Novak so as to bring the Post-Purchase Trustees under the protection of 29 U.S.C. § 1109(b).

The Post-Purchase Trustees' arguments are convincing. Count V of the third amended complaint alleges that Mr. Bohlen and Mr. Novak breached their fiduciary duties during the initial stages of the Coffee Creek investment. According to the complaint, the initial stages took place in 1998 and 1999, when none of the Post-Purchase Trustees were fiduciaries to the Pension Fund. Mr. Bohlen and Mr. Novak only argue the Post-Purchase Trustees could be liable for the damages accrued by not divesting Coffee Creek property, but that conduct is irrelevant to liability for alleged breaches that occurred in 1998 and 1999.[3] Because 29 U.S.C. § 1109(b) expressly precludes any liability for breaches that occurred prior to a

---

[3] Mr. Bohlen's and Mr. Novak's proposed amendments would not cure this deficiency, and so the court need not address their request to amend these claims.

fiduciary's appointment, it is beyond doubt that Mr. Bohlen and Mr. Novak cannot prove a set of facts that would entitle them to relief on their claims against the Post-Purchase Trustees.

## CONCLUSION

For the reasons set forth above, Mr. Danielson's, Mr. Sherwood's, and Mr. Beiker's motions to dismiss are DENIED [Doc. Nos. 105, 106, & 118], and the Post-Purchase Trustees' motions to dismiss Mr. Bohlen's and Mr. Novak's claims for contribution or indemnification are DENIED IN PART AND GRANTED IN PART [Doc. Nos. 108 & 109]. Mr. Bohlen's and Mr. Novak's counterclaims against Mr. Brugos and Mr. Robinson, as well as their third-party claims against Mr. Tharp and Mr. Lakomek are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

ENTERED: June 24, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   all counsel