UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN D. BRUGOS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:03-CV-547 RM |
| | ) | |
| GERRY NANNENGA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

The depositions of three incarcerated Defendants in this case are scheduled to take place at the federal correctional facility in Oxford, Wisconsin beginning on August 29, 2005. In preparation for the depositions, Plaintiffs' counsel contacted the prison to approve the stenographer and videographer that would be present. The prison conducted a background check of both individuals. Although the videographer passed the background check, the prison denied the videographer access to the prison because the videographer's equipment posed a security risk. Plaintiffs' counsel significantly limited the amount of equipment the videographer would bring, but the prison still rejected the list due to the security risk that was involved.

On August 24, 2005, Plaintiffs filed an emergency motion to videotape the depositions, requesting that this Court issue an order directing the prison to allow Plaintiffs' videographer to enter the premises with the limited equipment that was specified in the revised equipment list. Plaintiffs assert that Fed. R. Civ. P. 30(b)(2) allows them to videotape the depositions. In addition, Plaintiffs contend that because Defendants will not be able to testify at trial, the videotapes would be beneficial in presenting their testimony.

This Court understands Plaintiffs' desire to videotape the depositions. However, the prison has a legitimate penological security interest in restricting what equipment may enter the facility. Thus, this Court must weigh Plaintiffs' desire to conduct a videotaped deposition against the prison's legitimate security interests. This Court will not interfere with the prison's legitimate security concerns. Consequently, Plaintiffs' desire to take a videotaped deposition must fail. The depositions will go forward, but they must conform with the limitations imposed by the prison. Therefore, Plaintiffs' motion [Doc. No. 198] is **DENIED**.

**SO ORDERED.**

Dated this 25th Day of August, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge