```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

| | |
|---|---|
| JOHN D. BRUGOS, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | CAUSE NO. 2:03-CV-547 RM |
| ) | |
| GERRY NANNENGA, *et al.*, ) | |
| ) | |
| Defendants ) | |

                          OPINION AND ORDER

Lake Erie Land Co. seeks dismissal on all claims asserted against it for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).[1] For the following reasons, the court grants the motion in part and denies it in part.

Lake Erie Land, an Indiana corporation, owns most of the Coffee Creek Center, and was the owner of the land that comprised the Coffee Creek Investment. Lake Erie Land employed or served as principal for several defendants (Kevin Pastrick, Carl Paul Ihle, Jr., Sand Creek Sales & Development Co., and Peter Manous) during the Pension Fund's purchase of the Coffee Creek Investment. It now attacks the Third Amended Complaint brought by John Brugos and Douglas Robinson, solely in their capacities as fiduciaries and members of

---

[1] The Pension Fund's response attempts to "incorporate by reference the factual statement and legal arguments in its Opposition to Lake Erie's Motion to Dismiss the Second Amended Complaint, Docket No. 115." Lake Erie Land's reply seeks to do a similar incorporation, though through citation to the previous briefs. Because the Pension Fund's and Lake Erie Land's previous and current briefs assert differing legal arguments, to allow these types of "incorporation by reference" would essentially increase the page limit provided for in N.D. IND. L.R. 7.1(d). In the future, the court will condition wholesale "incorporations" upon reduced page limits.

the Board of Trustees of the Indiana Regional Council of Carpenters Pension Trust Fund a/k/a the Northwest Indiana Regional Council of Carpenters Pension Trust Fund ("the Pension Fund"), the Pension Fund, and Builders and Carpenters, LLC. Builders and Carpenters is an Indiana Limited Liability Company that the Board of Trustees and the Pension Fund created to act as the owner, developer, and operator of the Coffee Creek Investment.

Because the Third Amended Complaint effectively subsumes the previous complaints, the court refers to it simply as the complaint. All claims pleaded in the complaint appear to stem from the Pension Fund's involvement in the Coffee Creek Investment — land that was originally part of the Coffee Creek Center, a 640-acre residential and commercial development in Chesterton, Indiana owned principally by Lake Erie Land. The specifics surrounding the actual purchase of the Coffee Creek Investment are complex and detailed extensively in the complaint. As noted below, for the purposes of the motion before the court, the complaint's recitation of these specifics serve as the facts for the court's analysis of the issues.

> Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later. A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at trial. The consistency proviso is why some complaints may be dismissed pronto: litigants may plead themselves out of court by alleging facts that defeat recovery.

Doe v. Smith, ---F.3d----, 2005 WL 3099687 at *1 (7th Cir. Nov. 21, 2005) (quotations and citations omitted). A Rule 12(b)(6) motion to dismiss challenges

2

the sufficiency of the complaint, not its underlying merits, *see* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiffs. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief, Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001), and the defendant bears the burden of showing the plaintiff has either pleaded facts that show he is not entitled to relief or failed to allege a claim upon which relief can be granted. Doe v. Smith, ---F.3d----, 2005 WL 3099687 at *1; Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005).

Lake Erie Land argues that the plaintiffs' fraud claim is not pleaded with the requisite particularity; the aiding and abetting claims are not supported by law and fact; the various claims brought under respondeat superior are not available by operation of law, and even if they are available, the complaint doesn't contain adequate facts to support them; and that the remaining claims do not have the factual basis to prevail.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). For a fraud claim to survive a Rule 12(b)(6) motion to dismiss, it must set forth the who, what, when, where, and how of the alleged fraud. *See* Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d at 597; *see also* Lachmund v. ADM Investor Servs., Inc., 191 F.3d

3

777, 782 (7th Cir. 1999). While "[t]he particulars of the charge of fraud would be easier to grasp if the acts, the times, the concealment, and a single defendant were placed in a single paragraph . . . [so] long as those data are somewhere in the complaint . . . Rule 9(b) is satisfied." Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 749 (7th Cir. 2005).

Lake Erie Land argues the plaintiffs' complaint hasn't pleaded fraud adequately. The Pension Fund's response points to numerous allegations and attempts to merge them together to satisfy Rule 9(b), but this is inadequate under Rule 9(b). The complaint must "state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d at 597. While the complaint extensively outlines Lake Erie Land's role in the Coffee Creek Investment transaction, it just doesn't contain these required allegations against Lake Erie Land as to a particular fraud.

Still, dismissal is improper if the plaintiffs adequately plead fraud as to a co-defendant, and then adequately plead that that co-defendant was an agent of Lake Erie Land. *See* Smith v. Brown, 778 N.E.2d 490, 495 (Ind. App. 2002) ("A principal is liable for any misrepresentations of his agent undertaken within the scope of the agency, whether or not the principal has knowledge of the fraud.").

> Agency may be established in a variety of ways. However, when the plaintiff relies upon the same circumstances to establish both the alleged fraud and the agency relationship of a defendant, the reasons

4

>for more particularized pleading that animate Rule 9(b) apply with equal force to the issue of agency and the underlying fraud claim.

Lachmund v. ADM Investor Servs., Inc., 191 F.3d at 783. For the plaintiffs to rely on the facts surrounding the fraudulent misrepresentations to also establish the agency relationship, then, both must be pleaded with particularity. Otherwise, the principal/agency relationship can be pleaded generally.

The complaint alleges Mr. Kevin Pastrick served as Lake Erie Land's agent. The complaint adequately alleges Mr. Pastrick's involvement at the September 2, 1998 meeting at the offices of Sand Creek Sales & Development's offices between Mr. White, an agent of the Pension Fund, and Mr. Pastrick (among others). The plaintiffs allege that while acting as Lake Erie Land's agent, Mr. Pastrick conveyed fraudulent misrepresentations about the purchase price to Mr. White. This alleged misrepresentation was particularly important because one of the persons in charge of investigating the true value of the Coffee Creek Investment on behalf of the Pension Fund, Mr. Gerry Nannenga, allegedly was also involved in perpetuating Mr. Pastrick's alleged fraudulent misrepresentations. Thus, the complaint properly alleges at least one count of fraud against Mr. Pastrick.

The complaint does not rely on the same allegations of the fraud to allege Mr. Pastrick's agency. The complaint contains various allegations of Mr. Pastrick's long established principal/agency relationship with Lake Erie Land as a realtor, lobbyist, and liaison. These allegations may be pleaded generally, and they satisfy the liberal pleading standard under Rule 8.

Therefore, the complaint alleges at least one agent of Lake Erie Land conveyed at least one fraudulent representation to the plaintiffs, rendering dismissal of the fraud claim against Lake Erie Land under Rule 12(b)(6) inappropriate.

Lake Erie Land argues that all the aiding and abetting claims must be dismissed under Rule 12(b)(6) because the claims are not legally cognizable and they do not allege Lake Erie Land "knowingly participated" in any of the principal violations. Lake Erie Land has not provided, and the court hasn't found, authority automatically precluding plaintiffs from pleading any of their aiding and abetting claims in the complaint. Moreover, Rule 9(b) does not require plaintiffs to plead with particularity the "knowingly" portion of their claims. *See* FED. R. CIV. P. 9(b) (knowledge may be averred generally). The complaint connects Lake Erie Land's alleged conduct and/or participation with each of the principal violations, so the claims are pleaded adequately.

Lake Erie Land argues that it can't be held liable for relief under the Indiana Crime Victim's Relief Act because there is no factual basis for the relief sought. The court may need to address that argument on a summary judgement motion or at trial, but whether a claim will succeed or fail is not an issue for the court to answer at this stage. *See* Brown v. Budz, 398 F.3d at 914 ("to survive a motion to dismiss under Rule 12(b)(6), the plaintiff does not have to 'show' anything; he need only allege"); *see also* Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) ("The federal rules require (with irrelevant exceptions) only that the complaint state a

6

claim, not that it plead the facts that if true would establish (subject to any defenses) that the claim was valid.").

Lake Erie Land also asserts it can't be held liable for either the Indiana Securities Act claim or the unjust enrichment claim because the purchase agreement bars both actions. While Lake Erie Land argues the purchase agreement may properly be referenced at this stage to support their arguments, the court does not agree. Under Rule 12(b), matters outside the pleadings are properly considered only when "they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." Venture Assocs., Corp. v. Zenith Data Sys., Inc., 987 F.2d 429,431 (7th Cir 1993). Lake Erie Land urges the court to look past the wording of the complaint and determine that numerous times the plaintiffs referred to the purchase agreement, albeit under a different label. To do so would require the court to improperly draw inferences not in the plaintiffs' favor. *See* Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d at 597. Moreover, whether the purchase agreement itself is the subject of the Indiana Securities Act Claim is subject to dispute (however minimal) because the complaint itself does not explicitly identify what constituted "the investment contract" at issue. Thus, the court cannot look at the purchase agreement and won't rely on it to dismiss the unjust enrichment and Indiana Securities Act claims under Rule 12(b)(6).

7

Finally, Lake Erie Land argues there can be no claim against it for liability under the RICO, 18 U.S.C. § 1962(c) and (d), and IRICO, IND. CODE § 35-45-6-2, statutes because they are asserted through the common law theory of respondeat superior. Because the IRICO statue was patterned after the federal RICO statute, Yoder Grain, Inc. v. Antalis, 722 N.E.2d 840, 845 (Ind. App. 2000), the court analyzes their alleged deficiencies jointly. As noted, the plaintiffs assert two RICO claims, one under 18 U.S.C. § 1962(c) and one under 18 U.S.C. § 1962(d).

Lake Erie Land says the holding in D&S Auto Parts, Inc., v. Schwartz, 838 F.2d 964 (7th Cir. 1988), established an absolute bar on pleading respondeat superiors liability under 18 U.S.C. § 1962(c). The D&S Auto Parts court explicitly rejected the doctrine of respondeat superior when it adopted the Eighth Circuit's finding "that § 1962(c) was intended to foreclose vicarious liability" Id. at 968. The plaintiffs argue that the court of appeals limited this holding, but the cases they cite don't address claims under 18 U.S.C. § 1962(c), but rather under the other provisions of RICO. *See* Ashland Oil, Inc. v. Arnett, 875 F.2d 1271 (7th Cir. 1989) (where the corporation was subject to liability under 18 U.S.C. 1962(d) for conspiring to violate 18 U.S.C. § 1962(c)); *see also* Liquid Air Corp. v. Rogers, 834 F.2d 1297 (7th Cir. 1987) ("since addressing the propriety of the finding of vicarious liability under subsections (c) (under which *respondeat superior* may not apply) ... would not affect the [outcome], we decline to consider the defendants' challenges to these findings." Id. at 1307.). The plaintiffs' claim that Lake Erie

8

Land is liable under the theory of respondeat superior for its alleged agents' 18 U.S.C. § 1962(c) violations must be dismissed.[2]

The same cases that require dismissal under 18 U.S.C. § 1962(c) allow the plaintiffs to assert a § 1962(d) claim under respondeat superior. *See* Ashland Oil, Inc. v. Arnett, 875 F.2d at 1281 (allowing a 18 U.S.C. § 1962(d) claim against a corporation, noting that "intracorporate conspiracies … threaten RICO's goals of preventing the infiltration of legitimate businesses by racketeers and separating racketeers from their profits."). The complaint adequately pleads with the requisite particularity that Lake Erie Land's executives knew of and acquiesced to the pattern of racketeering activity of its alleged agents. Whether the facts support the claim is, again, irrelevant at this stage. Dismissal of the § 1962(d) claim pleaded under the theory of respondeat superior would be premature.

As to the ICVRA claim, Indiana law "create[s] a statutory version of respondeat superior, a principle which, though more commonly used to impose liability on an employer for his employee's torts, can also be used to impose liability on a principal for torts committed by an agent within the scope of the agent's actual or apparent authority." Tippecanoe Beverages, Inc. v. S.A. El Aguila Brewing Co., 833 F.2d 633, 637 (7th Cir. 1987); *see also* Roberson v. Bethelehem Steel Corp., 912 F.2d 184, 186 (7th Cir. 1990); Kemezy v. Peters, 622 N.E.2d 1296, 1298 (Ind. 1993). Because Indiana law allows this claim, and the court

---

[2] Lake Erie Land has not developed an argument against the IRICO claim brought under this count, so the court doesn't address the propriety of this claim with this finding.

cannot say that it appears beyond doubt that the plaintiffs could prove no set of facts consistent with their complaint that would entitled them to relief on this claim, the court declines to dismiss it.

Finally, Lake Erie Land attacks the plaintiffs' ERISA claims brought under the theory of respondeat superior. First, Lake Erie Land challenges the availability of this claim to the plaintiffs. As both parties acknowledge, the court of appeals hasn't spoken explicitly on whether such claims are appropriate. While Lake Erie Land argues that this lack of permissive acknowledgment precludes the plaintiffs from bringing this claim, the court agrees with the reasoning of Howell v. Motorola, Inc., 337 F. Supp. 2d 1079, 1095 (N.D. Ill. 2004):

> Our Court of Appeals has expressed reluctance to graft common-law causes of action on to the comprehensive ERISA statute. It has not, however, held that doctrines of respondeat superior are inapplicable to claims brought under the Act. A complaint should be dismissed under Rule 12(b)(6) only if no set of facts could support it. Although the court may be willing to reconsider the legal question on a more fully-developed factual record, the court will at this stage permit Plaintiff to proceed in its claim against [the defendant] under a *respondeat superior* doctrine.

Lake Erie Land argues in the alternative that even if respondeat superior claims are allowed under ERISA, the plaintiffs haven't alleged particular facts to prevail. Respondeat superior claims premised on ERISA liability would not be subject to Rule 9(b)'s heightened pleading standard. Because the claims suffice under Rule 8, dismissal for this reason is inappropriate.

For the reasons state above, the court GRANTS Lake Erie Land's motion to dismiss as to count IX and count XV insofar count XV seeks to assert liability

10

under count XIII's 18 U.S.C. § 1962(c); those claims are dismissed with prejudice.

The court DENIES the motion as to the remaining claims [Doc. No. 148].

SO ORDERED.

ENTERED:   December 5, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court