UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN D. BRUGOS, *et al.*, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | ) CAUSE NO. 2:03-CV-547 RM |
| | ) |
| GERRY NANNENGA, *et al.*, | ) |
| | ) |
| Defendants | ) |

### OPINION AND ORDER

On September 9, James Bohlen and Robert Novak moved for leave to dismiss their cross-claims and third-party claims for indemnification and contribution without prejudice. Robert Bieker, Terry Sherwood, and Mark Danielson all objected to this request, citing the serious hardship they would have to incur if the claims against them were dismissed.[1]

"[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). A court considering a request for such a dismissal must decide whether the defendant will suffer "plain legal prejudice." F.D.I.C. v. Knostman, 966 F.2d 1133, 1142 (7th Cir. 1992). Courts consider "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for

---

[1] Not six months ago, Mr. Bohlen, Mr. Novak, Mr. Bieker, Mr. Sherwood, and Mr. Danielson were all arguing against the very relief they now urge the court to grant.

summary judgment has been filed by the defendant." F.D.I.C. v. Knostman, 966 F.2d at 1142 (quotations and citations omitted).

Nearly all of these factors favor granting the plaintiffs' request to dismiss their claims voluntarily without prejudice. While this litigation began over a year ago, the discovery period hasn't yet closed and is there is no date for a trial. The defendants haven't alleged any excessive delay or lack of diligence on the plaintiffs' behalf, nor has there been a summary judgment motion filed by either the cross-claim and third party plaintiffs or defendants. The defendants take issue only with Mr. Bohlen's and Mr. Novak's explanation for the dismissal—that litigation cost and strategy dictate dismissal at this time. That dispute isn't enough to preclude the plaintiffs from the dismissal they seek. *See* F.D.I.C. v. Knostman, 966 F.2d at 1143 ("In its motion to dismiss the remaining claims without prejudice, the [plaintiff] stated that it would not be cost effective to pursue those claims due to the financial situations of the remaining defendants . . . [also] [t]he [plaintiff] represented that it did not anticipate seeking a reinstatement of any claims included in the motion. . . . Under these circumstances we find that the district court did not abuse its discretion in dismissing plaintiff's claims without prejudice and without costs.")[2].

The third party defendants ask that if the court allows the voluntary dismissal, it conditions the dismissal orders to require Mr. Bohlen and Mr. Novak

---

[2] Mr. Bohlen and Mr. Novak also state that "given the existence of insurance coverage in this case, it is unlikely Bohlen and Novak will ever need to pursue indemnification and contribution."

2

to reimburse them for the costs of defending the litigation up to and including this motion. Given the early stages of the litigation and these defendants' admitted insurance coverage, the court doesn't find this condition appropriate. If Mr. Bohlen and/or Mr. Novak act contrary to their prediction and reinstate these claims against these defendants, the court will revisit the issue pursuant to FED. R. CIV. P. 41(d) .

Therefore, Mr. Bohlen and Mr. Novak are granted leave to voluntarily dismiss their cross-claims against Gerry Nannenga, Deborah Nannenga, Sand Creek Sales and Development, Inc., Kevin Pastrick, Carl Paul Ihle, Jr., and Peter Manous and their third party claims against Mark Danielson, Terry Sherwood, and Robert Beiker. [Doc. No. 211]. These claims are now dismissed without prejudice.

SO ORDERED.

ENTERED:   December 5, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court