UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN D. BRUGOS, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:03-CV-547 RM |
| | ) | |
| GERRY NANNENGA, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

Builders and Carpenters LLC and the Pension Fund filed motions to dismiss Lake Erie Land's counterclaims for noncompliance with Federal Rule of Civil Procedure 9 and for failing to state a claim upon which relief can be granted. For the following reasons, the court denies the motions.

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). To survive a motion to dismiss, a fraud claim must set forth the who, what, when, where, and how of the alleged fraud. *See* U.S. ex rel. Gross v. AIDS Research Alliance-Chicago, 415 F.3d 601, 605 (7th Cir. 2005). When the complaint is read as a whole, Lake Erie Land alleges that between 1998 and 1999 attorneys from Sommer & Barnard and Ashwer Gittler Greenfield & D'Alba, while acting on behalf of the Pension Fund, made fraudulent representations, affirmed by Pension Fund trustees, that ultimately would become a part of an investment contract between Lake Erie Land and Builders and Carpenters, a limited liability corporation created for the purpose of effectuating the Pension Fund's interests.

Lake Erie Land further alleges the counterclaim defendants reaffirmed these fraudulent representations on or about March 1, 1999, when they entered into the final investment contract with Lake Erie Land. Whether Lake Erie Land can prevail on their fraud claims is irrelevant: it is enough at this stage that they satisfy Rule 9.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) can be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 817 (7th Cir. 2006) (quotations and citations omitted). In support of their respective Rule 12(b)(6) motions, the counterclaim defendants rely extensively on the provisions of a contract that they explicitly sought to exclude when faced with Lake Erie Land's motion to dismiss. As noted in the court's December 5, 2005 opinion and order, that document is not properly before the court at the Rule 12 stage, and cannot now serve as the basis of dismissal. The remaining grounds for dismissal asserted by the counterclaim defendants would require the court to make impermissible factual inferences against Lake Erie Land. *See* County of McHenry v. Insurance Co. of the West, 438 F.3d at 817 (the court must make all possible inferences of the complaints allegations in favor of the plaintiff).

Therefore, the court DENIES the motions to dismiss [Doc. No. 279 & 281].

SO ORDERED.

ENTERED:   June 13, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court