UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN BRUGOS, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | CAUSE NO.2:03-CV-547 RM |
| | ) | |
| GERRY NANNENGA, et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

Plaintiffs John D. Brugos and Douglas Robinson, in their capacities as fiduciaries and members of the board of trustees, of the Indiana Regional Council of Carpenters Pension Trust Fund and Builders and Carpenters, LLC., filed suit against defendants Gerry Nannenga, Peter Manous, Kevin Pastrick, Carl Paul Ihle, Jr., Deborah Nannenga, Sand Creek Sales & Development Inc., Lake Erie Land Co., James Bohlen, and Robert Novak in connection with their actions and/or omissions in causing the Pension Fund to invest $10 million in a residential and commercial development known as Coffee Creek Center. The plaintiffs assert claims under the Employee Retirement Income Security Act of 1974, the Indiana Crime Victims Relief Act, the federal and state Racketeer Influenced and Corrupt Organizations Acts, the Indiana Securities Act, and Indiana common law. Discovery has ended, and defendant Lake Erie Land seeks summary judgment on all claims.

The court has read and considered the parties' memoranda and much of the 9,000 supporting pages that were submitted. Genuine issues of material fact abound. Based on this record, a reasonable trier of fact that resolves evidentiary inferences and credibility issues in the plaintiffs' favor would have no difficulty finding for the plaintiffs on any or all of the claims. Of course, a trier of fact also could resolve those issues against the plaintiffs, but a summary judgment motion presents no occasion for the court to resolve such matters. The record poses so many factual issues that the court is not in a position to designate facts that appear without substantial controversy. Accordingly, no further comment on the case's facts is appropriate.

The court DENIES defendant Lake Erie Land's summary judgment motion (Doc. No. 371). The deadlines previously established in connection with the June 4, 2007 trial setting remain.

SO ORDERED.

ENTERED:  December 22, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court