UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOHN BRUGOS, et al.,                        )
                                            )
                    Plaintiffs              )
        v.                                  )   CAUSE NO.2:03-CV-547 RM
                                            )
GERRY NANNENGA, et al.,                     )
                                            )
                    Defendants              )

OPINION and ORDER

Plaintiffs John D. Brugos and Douglas Robinson, in their capacities as fiduciaries of the Indiana Regional Council of Carpenters Pension Trust and Builders and Carpenters, LLC., filed suit against defendants Gerry Nannenga, Peter Manous, Kevin Pastrick, Carl Paul Ihle, Jr., Deborah Nannenga, Sand Creek Sales & Development Inc., Lake Erie Land Co., James Bohlen, and Robert Novak in connection with their actions and/or omissions in causing the pension fund to invest $10 million in a residential and commercial development known as Coffee Creek Center.  After the conclusion of discovery, Mr. Brugos and Mr. Robinson moved for summary judgment on the ERISA claim against defendants Lake Erie Land and Mr. Pastrick.  For the reasons set forth below, the court denies this motion.

I. DISCUSSION

The plaintiffs allege ERISA violations allegedly arising from payments made to fiduciaries of the pension fund after the pension fund invested $10 million in Coffee Creek Center — a 640-acre residential and commercial development in Chesterton, Indiana owned principally by Lake Erie Land. Sand Creek Sales & Development, a company co-owned by Mr. Kevin Pastrick, was the exclusive broker for Coffee Creek Center. The specifics surrounding these payments are complex and heatedly contested and so will only be discussed during the court's analysis of the issues.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. O'Neal v. City of Chicago, 392 F.3d 909, 910-911 (7th Cir. 2004). A nonmoving party cannot rest on the mere allegations or denials contained in its pleading to overcome a motion for summary judgment. The nonmoving party must point to enough evidence to show the existence of each

2

element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-323 (1986).

The plaintiffs allege that defendants Lake Erie Land and Mr. Pastrick aided and abetted ERISA violations committed by the pension fund's fiduciaries. To prove such a claim the plaintiffs must show: 1) "a fiduciary violated a substantive provision of ERISA"; and 2) "the nonfiduciary knowingly participated in the conduct that constituted the violation". Daniels v. Bursey, 313 F.Supp.2d 790, 808 (N.D. Ill. 2004). The plaintiffs claim that the first element has been satisfied since Mr. Nannenga and Mr. Manous have both admitted to ERISA violations. Only Mr. Pastrick's and Lake Erie Land's knowing participation in these violations is at issue.

Mr. Pastrick, in his plea agreement to criminal charges brought in connection with this real estate transaction, admitted to making payments to Mr. Nannenga and Mr. Manous and admitted to knowing that they were both ERISA fiduciaries. Mr. Pastrick now claims those statements were made with the benefit of hindsight and professional legal analysis, and don't reflect his understanding when the payments were made.

Lake Erie Land contends that the referral fee to Mr. Manous was the only payment it was aware of.  Further, when the referral fee was paid, Lake Erie Land did not think the payment inappropriate since it did not consider Mr. Manous to be counsel for the pension fund.

The pension fund disputes Lake Erie Land's account, alleging that Lake Erie was aware that Mr. Manous was advising the pension fund and was the only lawyer negotiating on the pension fund's behalf for the first few months that the transaction was under discussion. Lake Erie Land was further aware that later in the negotiations Mr. Manous was privy to information about the voting outcomes at the trustees' meetings. The plaintiffs further allege that Lake Erie Land's president encouraged Lake Erie Land's agents to buy Mr. Nannenga a golf membership after the conclusion of the investment deal.

Several genuine issues of material fact exist, and the parties' statements of the facts present such differing versions as to what was known by whom at what time that the court is not in a position to designate facts that appear without substantial controversy.  Summary judgment is not appropriate.


II. CONCLUSION

The court DENIES the plaintiffs' motion for summary judgment (Doc. No. 362).

SO ORDERED.

ENTERED:  January 17, 2007

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

5